**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| DOROTHY B. JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11cv241RH/WCS |
| | ) |
| SERVCORP, LLC d/b/a ProDemoWorks, | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO COMPLAINT**

Defendant SERVCORP, LLC d/b/a PRODEMOWORKS ("Defendant" or "ProDemoWorks"), by its undersigned counsel, answers the Complaint filed by Plaintiff DOROTHY B. JACOBS ("Plaintiff" or "Jacobs") as follows:

**NATURE OF THE ACTION**

1. This is an action brought under 29 U.S.C. §629 et seq., and Chapter 760, Florida Statutes.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the above stated statutes and denies any remaining allegations in paragraph 1. Defendant expressly denies that any of its actions with respect to Plaintiff violate the referenced statutes.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

**ANSWER:** Defendant admits that Plaintiff alleges that her claim is in excess of $15,000 and denies any remaining allegations in paragraph 2. Defendant expressly denies that Plaintiff's claims actually exceed $15,000 and denies that it is liable to Plaintiff for any amount whatsoever.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, DOROTHY JACOBS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her age, over 40. Plaintiff's year of birth is 1923.

**ANSWER:** **Defendant admits that, on information and belief, Plaintiff is over the age of 40, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is and has been a Florida resident, and denies the remaining allegations in paragraph 3. Defendant expressly denies that Plaintiff is or was an employee of Defendant.**

4. At all times pertinent hereto, Defendant, SERVCORP, LLC d/b/a PRODEMOWORKS, has been doing business under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

**ANSWER:** **Defendant admits that ServCorp, LLC is a Florida corporation and denies the remaining allegations in paragraph 4. Defendant expressly denies that Plaintiff was an employee of Defendant.**

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission as authorized and this action is timely filed thereafter.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.**

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a female who is over the age over 40, was first employed by Defendant in or about January 2006 as a demo agent for Defendant in Publix Supermarkets.

**ANSWER:** **Defendant admits that Plaintiff is female, that, on information and belief, she is over the age of 40, that she has performed services as an in-store demonstrator**

for Defendant's customers including Publix Supermarkets, and that her performance of such services has been coordinated by Defendant.  Defendant denies the remaining allegations in paragraph 6.  Defendant expressly denies that Plaintiff is or was an employee of Defendant, and states that Plaintiff has been at all times an independent contractor, and that Plaintiff first sought to perform independent contractor services for Defendant in or around June, 2006.

>    7.    On June 2, 2009, Plaintiff was approached by Tommie Walker, an employee and agent of Defendant holding the position of job coordinator, and informed that her employment with Defendant was terminated due to the fact that Defendant would be hiring "younger people."

>    **ANSWER:**    Defendant denies the allegations in paragraph 7.

>    8.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.l1, Florida Statutes, and 29 U.S.C. §629 et seq.

>    **ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations regarding Plaintiff's retention of or obligations to counsel, and denies the remaining allegations in paragraph 8.

## COUNT I

## AGE DISCRIMINATION

>    9.    Paragraphs I through 8 are hereby realleged and incorporated herein by reference.

>    **ANSWER:**    Defendant adopts and realleges its responses to paragraphs 1 through

8 as though fully set forth herein.

>    10.    As more fully described above, Plaintiff was subjected to discrimination on the basis of Plaintiff's age.

>    **ANSWER:**    Defendant denies the allegations in paragraph 10.

11.     At all times pertinent hereto, Plaintiff remained qualified for the positions Plaintiff held with Defendant. Notwithstanding her qualifications, she was informed that her employment with Defendant was being terminated due to the fact that Defendant would be hiring "younger people".

**ANSWER:     Defendant denies the allegations in paragraph 11.**

12.     Defendant knew or should have known of the offensive working conditions to which Plaintiff was subjected because it participated in the adverse treatment of Plaintiff.

**ANSWER:     Defendant denies the allegations in paragraph 12.**

13.     Defendant is responsible for the violations of Plaintiffs rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiffs rights set forth herein. At all times material hereto, the actions and inactions affecting Plaintiff were committed in the course of the employment or supervisory relationship employees had with Defendant and with its actual or constructive knowledge. Defendant is thereby vicariously liable to Plaintiff for all of the unlawful conduct of its agents, apparent agents, assigns, employees and officials.

**ANSWER:     Defendant denies the allegations in paragraph 13.**

14.     The actions and inactions of Defendant affected a term, condition, or privilege of Plaintiffs employment with Defendant.

**ANSWER:     Defendant denies the allegations in paragraph 14.**

15.     Plaintiff has been damaged as a direct or indirect result of Defendant's actions against her, which damages include but may not be limited to the following: mental pain and suffering, emotional distress, loss of capacity for the enjoyment of life, embarrassment, humiliation, lost wages, and other remuneration/emoluments affiliated with her position and other tangible and intangible damages. These damages have occurred in the past, are continuing at present, and will most likely occur in the future.

**ANSWER:     Defendant denies the allegations in paragraph 15.**

16.     Plaintiff is entitled to punitive damages.

**ANSWER:     Defendant denies the allegations in paragraph 16.**

## ADDITIONAL DEFENSES

### First Additional Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Additional Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### Third Additional Defense

Plaintiff has been at all times an independent contractor for Defendant, not an employee, and as such is not entitled to relief under the cited statutes.

### Fourth Additional Defense

To the extent liability against Defendant is proven, which Defendant expressly denies, Plaintiff has failed to mitigate damages.

### Fifth Additional Defense

Plaintiff has failed to exhaust his administrative remedies or satisfy all conditions precedent prior to instituting the instant action.

WHEREFORE, Defendant SERVCORP, LLC d/b/a ProDemoWorks requests that the Complaint be dismissed with prejudice and for all further appropriate relief.

Dated: May 27, 2011

Respectfully submitted,

SERVCORP, LLC d/b/a PRODEMOWORKS

:         */s/ Dena H. Sokolow*
**Dena H. Sokolow**
Florida Bar No. 0030856
**ALLEN NORTON & BLUE, P.A.**
906 North Monroe Street, Suite 100
Tallahassee, Florida 32303
Tel.: (850)561-3503
Fax: (850)561-0332

and

**Julie Stahr** (*pro hac vice* admission pending)
Illinois Bar No. 06224975
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, Illinois  60606
(312) 258-5500 (telephone)
(312) 258-5700 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2011 a true and correct copy of the foregoing was sent via U.S. Mail to:

Marie A. Mattox<br>
Marie A. Mattox, P.A.<br>
310 East Bradford Road<br>
Tallahassee, Florida 32303

*/s/ Dena H. Sokolow*_____
Attorney